IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-50862

_____


GLORIA MARIE HERNANDEZ, as next friend of Ruben
Richard Emeterio, a minor,

                    Plaintiff-Appellant,

v.

TOKAI CORPORATION; SCRIPTO-TOKAI CORPORATION,

                    Defendants-Appellees.

_____

Appeal from the United States District Court
for the Western District of Texas
_____

September 4, 1998

Before WISDOM, KING, and DAVIS, Circuit Judges.

PER CURIAM:

CERTIFICATE FROM THE UNITED STATES COURT OF APPEALS FOR THE FIFTH

   CIRCUIT TO THE SUPREME COURT OF TEXAS, PURSUANT TO THE TEXAS

   CONSTITUTION, ART. 5, § 3-C AND RULE 58 OF THE TEXAS RULES OF

                    APPELLATE PROCEDURE


TO THE SUPREME COURT OF TEXAS AND THE HONORABLE JUSTICES THEREOF:


## I.  STYLE OF THE CASE

    The style of the case in which this certificate is made is

Gloria Marie Hernandez, as next friend of Ruben Richard Emeterio,

a minor, Plaintiff-Appellant v. Tokai Corporation and Scripto-

Tokai Corporation, Defendants-Appellees, Case No. 97-50862, in the United States Court of Appeals for the Fifth Circuit, on appeal from the United States District Court for the Western District of Texas.  This case involves a determinative question of state law, and jurisdiction of the case in the federal courts is based solely on diversity of citizenship.

## II.  STATEMENT OF THE CASE

The salient underlying facts in this case are undisputed. On April 4, 1995, two-year-old Ruben Richard Emeterio was severely burned in a house fire that was started by his sister, five-year-old Daphne Hernandez, with a "Tokai" brand disposable butane lighter that was designed without a child-resistant safety mechanism.  The fire occurred on the top bunk of a bunk bed in a bedroom of the children's grandparents' home.  The lighter had apparently been obtained by Daphne, or by her twin sister, Stephanie Hernandez, from their mother's purse on the top shelf of a closet in the room in which the fire occurred.[1]

On May 6, 1996, plaintiff-appellant Gloria Marie Hernandez (Hernandez), as next friend of Ruben, filed suit against defendants-appellees Tokai Corporation and Scripto-Tokai Corporation (collectively, Defendants), asserting claims of strict liability and negligence with regard to their design of the lighter.  In particular, Hernandez alleged that the lighter

---

[1]     In deposition testimony, both Gloria Marie Hernandez and Ruben's grandmother, Rita Emeterio, admitted that they were smokers at the time of the fire, and both acknowledged that they were aware that it was dangerous for children to play with lighters.

was defectively designed and unreasonably dangerous due to the absence of a child-resistant mechanism that would have prevented or substantially reduced the likelihood of a child using it to start a fire.

On August 13, 1997, Defendants moved for summary judgment on all claims, alleging that a manufacturer of a cigarette lighter is not required to incorporate child-resistant features into its design in order to protect unintended users from dangers that are obvious and inherent in the tool's utility. Defendants further argued that the subject lighter was a simple household tool intended for use only by adults, that an adequate warning had been provided to keep the lighter out of the reach of children, and that the dangers of allowing children to play with lighters are so commonly known that even if the warning was ignored by consumers it was not reasonably foreseeable that a child would be given unsupervised access to the lighter.

Hernandez timely filed a response on August 26, 1997, arguing that, at the time the lighter at issue was manufactured and distributed, a safer alternative design incorporating a child-resistant mechanism existed. She claimed that the existence of the safer alternative design created a fact issue for the jury regarding whether the product was defective under Texas's risk-utility test. In support of her response, Hernandez presented uncontroverted evidence that alternative lighter designs with child-resistant mechanisms existed as early as 1974 and that defendant Tokai Corporation held patents on several such

3

designs, one of which it applied for in 1987 and received in 1988.[2]

On September 8, 1997, the United States District Court for the Western District of Texas granted Defendants' motion for summary judgment and entered final judgment in favor of Defendants. Hernandez timely appealed the district court's judgment.

### III. QUESTION CERTIFIED

Under the Texas Products Liability Act of 1993, can the legal representative of a minor child injured as a result of the misuse of a product by another minor child maintain a defective-design products liability claim against the product's manufacturer where the product was intended to be used only by adults, the risk that children might misuse the product was obvious to the product's manufacturer and to its intended users, and a safer alternative design was available?

---

[2]    Included in the evidence submitted by Hernandez in opposition to Defendants' motion for summary judgment was a report produced by the Consumer Product Safety Commission (CPSC) in September 1987 and a subsequent rulemaking promulgated by the CPSC in 1993 banning the manufacture and import of non-child-resistant lighters effective July 12, 1994. In one 1992 report included in the record, the CPSC predicted that its proposed rule would "prevent about 85-120 deaths per year and . . . result in a total annual savings, including savings in deaths, injuries, and property damage, of $210-$290 million. The annual costs to consumers of the proposed rule are estimated to be about $95 million." 57 Fed. Reg. 36,932, 36,936 (1992). The CPSC therefore noted that "the expected benefits substantially outweigh the estimated costs to the public." Id.

4

IV.   CONCLUSION

We disclaim any intention or desire that the Supreme Court of Texas confine its reply to the precise form or scope of the question certified. The answer provided by the Supreme Court of Texas will determine the issue on appeal in this case.