IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-50862
_____


GLORIA MARIE HERNANDEZ, as next friend of Ruben Richard Emeterio, a minor,

                              Plaintiff-Appellant,

v.

TOKAI CORPORATION; SCRIPTO-TOKAI CORPORATION,

                              Defendants-Appellees.

_____

Appeal from the United States District Court
for the Western District of Texas
_____

September 17, 1999

Before KING, Chief Judge, and DAVIS, Circuit Judge.[*]

PER CURIAM:

Plaintiff-Appellant Gloria Marie Hernandez, as next friend of Ruben Richard Emeterio, a minor, filed suit against Defendants-Appellees Tokai Corporation and Scripto-Tokai Corporation asserting claims of negligence and strict products liability in the design of a butane lighter.  The district court

---

[*] Judge John Minor Wisdom, who was originally a member of the hearing panel, heard oral argument and joined in the decision to certify a question to the Supreme Court of Texas.  Judge Wisdom died on May 15, 1999.  The appeal is being decided by a quorum.  See 28 U.S.C. § 46(d). (1994).

granted summary judgment in favor of Defendants-Appellees, and Plaintiff-Appellant appealed.

On appeal, we recognized that the case involved a determinative question of state law for which there was no controlling precedent; therefore, we certified the following question to the Supreme Court of Texas:

> Under the Texas Products Liability Act of 1993, can the legal representative of a minor child injured as a result of the misuse of a product by another minor child maintain a defective-design products liability claim against the product's manufacturer where the product was intended to be used only by adults, the risk that children might misuse the product was obvious to the product's manufacturer and to its intended users, and a safer alternative design was available?

Hernandez v. Tokai Corp., 154 F.3d 224, 225 (5th Cir. 1998). The Supreme Court of Texas, with explanation, answered that:

- none of the conditions stated in the question precludes imposition of liability, but neither are they together enough to establish liability;

- proof of an available "safer alternative design", as defined by statute, is necessary but not sufficient for liability; the claimant must also show that the product was unreasonably dangerous as designed, taking into consideration the utility of the product and the risk involved in its use; and

- in determining whether a product is unreasonably dangerous, the product's utility to its intended market must be balanced against foreseeable risks associated with use by its intended users.

Hernandez v. Tokai Corp., No. 98-0857, 1999 WL 645114, at *1 (Tex. Aug. 26, 1999). In light of this answer, we VACATE the judgment of the district court and REMAND the case for further

2

proceedings consistent with the opinion of the Supreme Court of Texas. Costs shall be borne by Defendants-Appellees.

VACATED and REMANDED.